UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON DIVISION

_____
VICTOR ARRUNATEGUI          )
                            )
        Plaintiff           )   Case No:
                            )
v.                          )   **COMPLAINT**
                            )
JACK COOPER TRANSPORT       )
COMPANY, INC.               )
                            )
        Defendant           )
_____)

**JURISDICTION, VENUE, AND PARTIES**

1.      This is a civil action seeking damages for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et. seq. ("FLSA"), and for pendent state claims brought pursuant to KRS 337.010 et. seq.

2.      This Court has subject matter jurisdiction over the claims set forth herein pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216 (FLSA). Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction (pendent claims) over the claims asserted under KRS 337.010 et. seq. as these claims are so related to the FLSA claims that they form part of the same case or controversy.

3.      The Plaintiff, Victor Arrunategui ("Arrunategui"), is a Kentucky resident whose address is 2276 Camberling Drive, Lexington, KY 40515

4.      The Defendant, Jack Cooper Transport Company, Inc., ("Jack Cooper") is a foreign corporation whose registered agent is CT Corporation System, Kentucky Home Life Building, Louisville, KY, 40202.

5. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that at all times relevant hereto, Jack Cooper has employed Arrunategui in Scott County, Kentucky, and all claims arise from that employment.

## FACTS COMMON TO ALL COUNTS

6. Arrunategui has been employed by Jack Cooper since on or about April, 2006, through the present.

7. At all times relevant hereto and throughout his employment with Jack Cooper, Arrunategui's position with Jack Cooper was not an "exempt" position as defined by the FLSA, including 29 U.S.C. § 213 and the relevant federal regulations, and Arrunategui's position with Jack Cooper did not meet the exceptions to the definition of "Employee" set forth in KRS 337.010(2)(a).

## COUNT I – FAILURE TO PAY OVERTIME

8. Arrunategui reaffirms and incorporates herein each and every allegation set forth hereinabove.

9. At all times relevant hereto and throughout his employment with Jack Cooper, Arrunategui was regularly scheduled to work Monday through Friday, from 9:00 a.m. to 6:00 p.m., with a one hour lunch break.

10. During his employment with Jack Cooper, Arrunategui regularly arrived at work earlier than 9:00 a.m., left work later than 6:00 p.m., and/or worked through his lunch break, which resulted in Arrunategui regularly working more than 40 hours per week. The exact number of overtime hours that Arrunategui has worked during his employment with Jack Cooper is not known at this time because Jack Cooper failed to keep any records of the hours worked by Arrunategui.

11. Despite regularly working more than the 40 hours per week, Arrunategui was never paid regular or overtime wages for the additional hours that he worked during the work week.

12. Additionally, although Arrunategui was usually paid extra wages for his weekend work, Arrunategui also occasionally worked on weekends without receiving any regular or overtime pay for the weekend hours that he worked. The exact number of overtime weekend hours that Arrunategui has worked without pay during his employment with Jack Cooper is not known at this time because Jack Cooper failed to keep any records of the weekends worked by Arrunategui.

13. On several occasions, Arrunategui told his supervisor that he was not being paid for all of the overtime hours that he had worked and told his supervisor that he would not work more than his regularly scheduled hours if he was not paid overtime wages, but his supervisor criticized him for questioning his pay and required him to continue working more than 40 hours per week without overtime pay.

14. Jack Cooper's failure to pay Arrunategui regular or overtime wages for the hours that he worked in excess of 40 hours per week, despite Arrunategui's protestations and attempts to work only those hours for which he would be paid, constitutes a willful violation of the FLSA at 29 U.S.C. § 207, KRS 337.285, and KRS 337.020.

**COUNT II – FAILURE TO MAINTAIN ADEQUATE RECORDS**

15. Arrunategui reaffirms and incorporates herein each and every allegation set forth hereinabove.

16. At all times relevant hereto and throughout his employment with Jack Cooper, Jack Cooper failed to maintain any records of the hours worked by Arrunategui.

3

17. Jack Cooper's failure to maintain any records of hours by Arrunategui is a willful violation of the FLSA at 29 U.S.C. § 211 and KRS 337.320.

### COUNT III – BREACH OF CONTRACT AND WITHOLDING WAGES

18. Arrunategui reaffirms and incorporates herein each and every allegation set forth hereinabove.

19. Arrunategui was hired by Jack Cooper a "salaried/non-exempt" employee.

20. As a "salaried/non-exempt" employee, Arrunategui was promised by Jack Cooper that he would be paid overtime wages of one and one-half (1½) times his hourly rate of pay, based upon a 40 hour work week, for every hour worked in excess of 40 hours per week.

21. In reliance upon Jack Cooper's agreement to pay him overtime wages, Arrunategui did in fact work in excess of 40 hours per week on multiple occasions during his employment with Jack Cooper.

22. Jack Cooper's failure to pay Arrunategui the overtime wages it agreed to pay him constitutes a breach by Jack Cooper of its contractual obligations to Arrunategui and unlawful withholding of agreed upon wages in violation of KRS 337.060.

### COUNT IV – LUNCH BREAK VIOLATIONS

23. Arrunategui reaffirms and incorporates herein each and every allegation set forth hereinabove.

24. At various times since beginning his employment with Jack Cooper, Arrunategui was denied a reasonable period for lunch and/or criticized for taking a lunch break, all of which violates KRS 337.355.

25. The exact number of times that Arrunategui was denied a reasonable period for lunch is not known at this time because Jack Cooper did not maintain any records of the hours worked by Arrunategui.

WHEREFORE, Arrunategui demands judgment against Jack Cooper as follows:

1.      Under Counts I, II and III, awarding Arrunategui back pay and statutory damages pursuant to 29 U.S.C. § 216 and KRS § 337.385, including the full amount of unpaid overtime compensation in an amount to be proven at trial, an equal amount in liquidated damages, and attorneys fees and costs;

2.      Under Count II, for an injunction mandating that Jack Cooper immediately implement a system for recording the hours of all employees at every facility it operates throughout the United States;

3.      Under Count III, awarding Arrunategui actual and consequential damages including, without limitation, unpaid wages in an amount to be proven at trial;

4.      Under Count IV, awarding Arrunategui actual damages for Jack Cooper's failure to provide him a reasonable lunch period in an amount to be proven at trial and for an injunction mandating that Jack Cooper provide a reasonable lunch period to all its employees in Kentucky.

5.      Awarding Arrunategui his costs herein expended, including reasonable attorneys' fees, and any and all other relief to which he may appear to be entitled; and

6.      For a trial by jury on all Counts.

                        Respectfully submitted,

DATE: <u>May 14, 2008</u>            By: <u>s/ Adrian M. Mendiondo</u>
                                              Adrian M. Mendiondo
                                              Kinkead & Stilz, PLLC
                                              301 East Main Street, Suite 800
                                              Lexington, KY  40507-1520
                                              Telephone:  (859) 296-2300
                                              Facsimile:  (859) 296-2566
                                              ATTORNEY FOR PLAINTIFF